**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| **MARY GUILLORY** | * | **CIVIL ACTION NO.** |
| | * | |
| **VERSUS** | * | **JUDGE** |
| | * | |
| **CRETE CARRIER CORPORATION, YAZDAI KOUROSH AND ABC INSURANCE COMPANY** | * * * | **MAGISTRATE JUDGE** |

## NOTICE OF REMOVAL

In accordance with 28 U.S.C. § 1446(b)(3), Defendants, Crete Carrier Corporation ("Crete") and Yazdani Kourosh, hereby remove the above-captioned action from the Twenty-Seventh Judicial District Court for the Parish of St. Landry, State of Louisiana, where it is currently pending, to the United States District Court for the Western District of Louisiana, Lafayette Division, and state as follows:

### THE REMOVED CASE

1.

A Petition for Damages was filed on behalf of the Plaintiff, Mary Guillory, in the 27th Judicial District Court for the Parish of St. Landry, State of Louisiana, entitled "*Mary Guillory versus Crete Carrier Corporation, Yazdani Kourosh, and ABC Insurance Company*," bearing docket number 21-C-1316, Division B.

2.

Crete was served with the Petition for Damages through its agent for service of process on April 3, 2021.

3.

Yazdani Kourosh was served with the Petition for Damages through the Louisiana Long Arm Statute.

4.

Pursuant to 28 U.S.C. § 1446(a), a copy of documents and pleadings filed in the court record for the 27th Judicial District Court, Parish of St. Landry, State of Louisiana, is attached hereto as Exhibit A, *in globo*.

5.

The Petition for Damages alleges that, on May 13, 2020, Mary Guillory was operating a 2008 Pontiac G6 CT westbound on Acadiana Prep Circle in St. Landry Parish. She further alleges that, at the same time, a 2019 Freightliner tractor trailer operated by Yazdani Kourosh was traveling eastbound on Acadiana Prep Circle. Plaintiff alleges that Yazdani Kourosh crossed the center line and sideswiped Plaintiff's vehicle on the driver's side.

6.

Plaintiff alleges that, as a result of the motor vehicle accident, she sustained "severe injuries including but not limited to severe, acute lumbar, cervical and left ankle injuries." Additionally, she asserts that she sustained past, present, and future mental and physical pain and suffering, past and future medical expenses, past and future income loss, and property damage to her vehicle.

7.

Plaintiff also names ABC Insurance Company, a fictitious entity, as the purported insurer of Crete. Plaintiff alleges ABC Insurance Company failed to tender the amount due to her within thirty days of satisfactory proof of loss. Plaintiff alleges that she is entitled to recovery penalties

and attorney fees, including a penalty of two times her damages, against ABC Insurance Company in accordance with La. R.S. 22:1892 and La. R.S. 22:1973.

## BASIS OF JURISDICTION

8.

Defendants aver that this Court has original jurisdiction over the claims asserted by Plaintiff pursuant to the provisions of 28 U.S.C. §§ 1332 and 1441, as this is a civil action between citizens of different states, where the amount in controversy is in excess of $75,000.00, exclusive of interest and costs.

## PARTIES AND DIVERSITY OF CITIZENSHIP

9.

Defendants show that there is complete diversity of citizenship between Plaintiff and Defendants.

10.

Plaintiff, Mary Guillory, is a resident of, and domiciled in, St. Landry Parish, State of Louisiana. Accordingly, Mary Guillory is a citizen of the State of Louisiana.

11.

Defendant, Yazdani Kourosh, is a resident of, and domiciled in, the State of Florida. Accordingly, Yazdani Kourosh is a citizen of the State of Florida.

12.

Defendant, Crete Carrier Corporation, is a Nebraska Corporation that has its principal place of business in Nebraska. Accordingly, Crete Carrier Corporation is deemed to be a citizen of Nebraska.

13.

Plaintiff also names "ABC Insurance Company" as a defendant herein. The citizenship of fictitious entities is not considered in determining whether diversity exists. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

14.

Because Plaintiff is a citizen of Louisiana, and Defendants are citizens of Florida and Nebraska, complete diversity exists.

**AMOUNT IN CONTROVERSY**

15.

Defendants state that, based upon the allegations of Plaintiff's Petition for Damages, and information received to date regarding Plaintiff's medical treatment, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.

16.

Plaintiff does not plead, and Louisiana law does not allow Plaintiff to plead, a specific amount of damages. La. Code Civ. P. art. 893(a)(1). In such circumstances, the Fifth Circuit permits removal under 28 U.S.C. § 1332(c)(2)(B) if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000).

17.

Plaintiff alleges in her Petition that, as a result of the accident, she sustained serious injuries to her lumbar and cervical spine, as well as to her left ankle. Further, Plaintiff has continuously

treated for her alleged injuries since the accident, and she continues to seek treatment as of the time of filing this Notice of Removal. Plaintiff underwent an MRI of her cervical spine on August 28, 2020, which allegedly revealed annular bulging at C3-4, C4-5, and C5-6. Plaintiff underwent an MRI of her lumbar spine on the same date, which allegedly revealed a disc bulge at L5-S1 with a probable midline annular fissure, as well as a facet joint effusions at L5-S1 and L4-5. Plaintiff underwent bilateral facet injections in her lumbar spine on January 15, 2021, but continued to complain of pain in her neck and lower back. As such, on June 4, 2021, Plaintiff underwent bilateral medial branch blocks at L4 and L5. Plaintiff's alleged pain returned following the medial branch blocks, and her physical limitations allegedly persisted.

18.

Due to Plaintiff's alleged persistent pain, on January 20, 2022, Plaintiff underwent bilateral radiofrequency ablations at L4 and L5, performed by Dr. Allen Johnston. Plaintiff remains under the care of Dr. Johnston. Dr. Johnston has discussed performing repeat radiofrequency ablations in July of 2022, should Plaintiff's alleged symptoms persist.

19.

To date, Plaintiff's medical expenses are in excess of $30,855.30, and, as noted, Plaintiff remains under the care of Dr. Johnston. Indeed, her alleged symptoms and complaints have extended nearly two years following the accident at issue. Plaintiff's medical expenses, together with her continuous complaints and treatment, are sufficient to establish the amount in controversy by a preponderance of the evidence. *Thomas v. Louis Dreyfus Commodities, L.L.C.*, 2016 WL 1317937 (M.D. La. Mar. 11, 2016), *report and recommendation adopted*, 2016 WL 1337655 (M.D. La. Apr. 1, 2016) (retaining jurisdiction of the removed case and finding the amount in controversy was in excess of $75,000.00, where plaintiff had submitted $26,637.57 in medical

bills); *Thibodeaux v. Geico Advantage Ins. Co.*, 2016 WL 4055660 (M.D. La. July 8, 2016), *report and recommendation adopted*, 2016 WL 4033981 (M.D. La. Jul. 26, 2016) (holding that the amount in controversy was established based on plaintiff's medical records amount to $45,000.00, in addition to the claim for lost wages and loss of earning capacity).

20.

Based on Plaintiff's treatment and medical expenses to date, as well as her continuing treatment, combined with other damages alleged in the Petition, including her claims for penalties and attorney fees, Defendants submit that, by a preponderance of the evidence, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

21.

Defendants show that this Court has original jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1332(a), in that the amount in controversy exceeds the sum of $75,000.000, exclusive of interest and costs, and this is an action between citizens of different states.

**REMOVAL IS TIMELY**

22.

Defendants show that this Court has original jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1446(b)(3), as it was not facially apparent from Plaintiff's Petition for Damages that her claims exceeded the jurisdictional threshold, nor have Defendants received other papers making it unequivocally clear and certain that the amount in controversy is met. Rather, Defendants assert that the thirty-day period for removal has not been triggered. Regardless, this matter was removed within one year from the date of filing of Plaintiff's Petition for Damages, on April 20, 2021.

## CONSENT TO REMOVAL

23.

Crete Carrier Corporation and Yazdani Kourosh have both been served with the Petition for Damages. Thus, all Defendants join in and consent to this removal. The consent of ABC Insurance Company, a fictitious entity, is not necessary.

## VENUE

24.

The venue of this removal action is proper pursuant to the provisions of 28 U.S.C. § 1441(a), as the United States District Court for the Western District of Louisiana, Lafayette Division, embraces St. Landry Parish and the 27th Judicial District Court, the place where the state court action is pending.

25.

Based on the foregoing, Defendants show that this matter is properly removable to this Court pursuant to the provisions of 28 U.S.C. § 1441, *et seq*.

26.

Written notice of the filing of this removal will be sent to the adverse party as required by law.

27.

A true copy of this Notice of Removal is being filed with the Clerk of Court for the 27th Judicial District Court for the Parish of St. Landry, State of Louisiana, as required by law.

**WHEREFORE**, Defendants, Crete Carrier Corporation and Yazdani Kourosh, pray that the action be removed to this Court, that the Court accept jurisdiction of the action, and that the

action be placed on the docket of the Court for further proceedings, as though it were original instituted in the Court.

    Respectfully submitted,

    IRWIN FRITCHIE URQUHART AND MOORE LLC

    */s/Matthew W. Bailey*
    Matthew W. Bailey (La. Bar Roll No. 21459)
    Katherine M. Cook (La. Bar Roll No. 37640)
    Hillary A. Brouillette (La. Bar Roll No. 38143)
    450 Laurel Street, Suite 1150
    Baton Rouge, Louisiana 70801
    Tel: (225) 615-7150
    Fax: (225) 615-7179
    mbailey@irwinllc.com
    kcook@irwinllc.com
    hbrouillette@irwinllc.com

    *Counsel for Crete Carrier Corporation and Yazdani Kourosh*